Ralph N. **CORACE**, Plaintiff,

v.

Alexander P. **BUTTERFIELD**,
Defendant.

No. 74 C 619.

United States District Court,
E. D. New York.

Jan. 13, 1975.

Ralph N. Corace, pro se.

David G. Trager, U. S. Atty., E.D.N.
Y. by Prosper K. Parkerton, Asst. U. S.
Atty., Brooklyn, N. Y., for defendant.

### MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff *pro se* commenced this action
under the Noise Control Act of 1972
("the Act"), P.L. 92–574 § 12, 42
U.S.C. § 4911, seeking in effect manda-
tory injunctive relief against the defend-

ant Administrator of the Federal Aviation Administration (Administrator). The defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Rule 12(b)(6), F.R.Civ.P.

Assuming, as the court must on a motion of this nature, that plaintiff can prove the allegations of his complaint, the following facts are deemed established for purposes of determining the motion.

A special noise abatement approach, called the Canarsie Visual Approach, was constructed at John F. Kennedy International (JFK) Airport in an effort to avoid subjecting nearby residents to the noise of landing jets. Approximately 70% of the aircraft which are instructed by the airport control tower to employ this particular approach route stray to the north of the designated area and thereby unnecessarily subject the residents below to harmful noises. Meetings were held with subordinates of the Administrator in an attempt to rectify the problem, but have proved fruitless.

Plaintiff complains in effect that the Administrator has failed or refused to take action as he is empowered to do. He seeks an order from this court directing the Administrator to ensure that pilots do not stray over residential areas for other than safety reasons. Defendant maintains that there is no statutory authorization for such a judicial order.

Section 4911(a)(2)(B) of the Act provides in pertinent part:

"(a) . . . [A]ny person . . . may commence a civil action on his own behalf

\* \* \* \* \* \*

"(2) against

\* \* \* \* \* \*

"(B) the Administrator of the Federal Aviation Administration where there is alleged a failure of such Administrator to perform any act or duty under section 1431 of Title 49 which is not discretionary with such Administrator."

Section 1431 of Title 49, the Federal Aviation Act of 1958, as amended in 1972, in turn instructs the Administrator as follows:

"(b)(1) In order to afford present and future relief and protection to the public health and welfare from aircraft noise . . . the [Administrator] . . . after consultation with the Secretary of Transportation and with [Environmental Protection Agency] . . . shall prescribe and amend standards for the measurement of aircraft noise . . . and shall prescribe and amend such regulations as the FAA may find necessary to provide for the control and abatement of aircraft noise . . . including the application of such standards and regulations in the issuance, amendment, modification, suspension, or revocation of any certificate authorized by this subchapter.

Among the certificates referred to in § 1431 are those relating to airmen (§ 1422), aircraft (§ 1423) and air carriers (§ 1424).

It seems clear from § 1431 that Congress intended that the Administrator promulgate noise control regulations which would establish standards not only for aircraft design but also their *operation*,[1] and that a failure to comply with those standards should be a factor to be considered by the Administrator in issuing or revoking any of the above-noted certificates. But it is equally clear that the Administrator was

---

1. In Senate Report No. 92–1160, which accompanied P.L. 92–574, the following language is to be found:

"It is the intention of the Committee . . . that all existing authority over . . . aircraft noise be utilized to reduce that noise, including, among other things, the consideration of flight and operational changes such as . . . the adjustment of take-off, approach and flight paths to impact fewer people . . . ." 1972 U.S.Code Cong. and Admin.News at 4655, 4663.

to prescribe such regulations "as the FAA may find necessary" only after consultation with the Administrator of the Environmental Protection Agency (EPA) and the Secretary of Transportation.[2]

■ The difficulty here is that plaintiff is in effect seeking the promulgation and enforcement of a *specific* regulation relating to a particular runway at JFK Airport. Whether such a regulation should issue—and if it should issue, what standards should be contained therein—is left to the discretion of the Administrator. Thus, by the very language of § 4911(a)(2)(B), the relief sought here by plaintiff is not within the province of the court to grant.[3]

Nor does subsection (e) of § 4911 provide a basis for judicial review of administrative inaction in this case. Subsection (e) provides:

"Nothing in this section shall restrict any right which any person . . . may have under any statute or common law to seek enforcement of any noise control requirement or to seek any other relief (*including relief against an Administrator*)." (Emphasis supplied.)

The intention of the Congress in emphasizing that relief may be sought against the Administrator, particularly after subsection (a)(2)(B) already provided for such an action, must have been to incorporate the general mandamus provisions of 28 U.S.C. § 1361:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

■ To invoke the general mandamus jurisdiction, however, the duty owed must be clearly defined and not necessitate the exercise of administrative discretion. Richardson v. United States, 465 F.2d 844, 849 (3 Cir. 1972). Thus, petitioner's claim again faces an insurmountable hurdle in that even though the purpose of the Noise Control Act of 1972 was to reduce noise pollution, in part by controlling all types of aircraft noise, Congress has delegated to the Administrator the task of establishing such regulations to that end as he "may find necessary."

Thus, however sympathetic one may be for the plight of plaintiff and his

2. It appears that the first of such EPA proposals to the FAA occurred only as recently as December 6, 1974. Thereafter, on December 31, 1974, the FAA issued two notices of proposed rulemaking proposing amendments to the Federal Aviation Regulations submitted by EPA. The regulations deal with the same general subject as is plaintiff's concern: the reduction of aircraft noise levels at and around airports. More particularly, however, they address noise emission standards for propeller-driven small airplanes and minimum flight altitudes at or around airports. 40 Fed.Register 820 (Jan. 3, 1975). The text of the proposed regulations appear at 40 Fed.Register 1061 (Jan. 6, 1975 (14 C.F.R. Parts 21, 36—Noise Standards for Propeller Driven Small Airplanes), and 40 Fed.Register 1072 (Jan. 6, 1975) (14 C.F.R. Part 91—Noise Abatement Minimum Altitudes for Turbojet Powered Airplanes in Terminal Areas).

3. While there is no published decisional law on citizens' suits under § 4911, the legislative history makes clear that that section was modeled after a similarly worded provision in the Clean Air Act of 1970, 42 U.S.C. § 1857h-2. 1972 U.S.Code Cong. & Admin. News at 4667. The language in the Clean Air Act has been characterized as authorizing an action in the nature of mandamus against the Administrator of the Environmental Protection Agency. Citizens Association of Georgetown v. Washington, 370 F. Supp. 1101, 1107 (D.D.C.1974). More to the point here, however, § 1857h-2 has been held to preclude judicial review of discretionary acts of the Administrator. United States Steel Corporation v. Fri, 364 F.Supp. 1013, 1018 (N.D.Ind.1973). Cf. Sierra Club v. Ruckelshaus, 344 F.Supp. 253, 254 (D.D. C.1972), where it was held that the Administrator's refusal to act because he believed he lacked statutory authority to do so was precisely the type of question reviewable by a court at the instance of a citizen suing under § 1857h-2. That type of question is not presented here.

community, this court is without power to order the Administrator to promulgate and enforce a specific regulation such as plaintiff seeks.[4]

Defendant's motion to dismiss is accordingly granted, and it is

So ordered.

The Clerk of the Court is directed to enter judgment in favor of the defendant and against the plaintiff dismissing the complaint.

4. Intervention by the court would be most inappropriate at this time when it appears that the administrative agencies concerned with the aircraft noise problem are already in the process of rule-making procedures and that Congress itself is continuing to concern itself with the problem. See 39 Fed.Register 6112 (Feb. 19, 1974) (containing a notice of public comment period pertaining to 10 proposed rules for abatement of aircraft noise); 40 Fed.Register 1062, 1072 (Jan. 6, 1975) (describing the subject matter of the proposed rules and present rulemaking proceedings); 40 Fed.Register 1062 (mentioning an EPA report submitted to Congress on aircraft and airport noise).