**Arthur KLEIN, Plaintiff,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Donald J. Devine, Director, Office of Personnel Management and United States of America, Defendants.**

**No. 83 CIV 0308.**

United States District Court, E.D. New York.

Nov. 2, 1983.

Arthur Klein, pro se.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., for defendants; Deborah B. Zwany, Asst. U.S. Atty., Brooklyn, of counsel.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Plaintiff has moved for an order directing defendants to answer interrogatories. Fed.R.Civ.P. 37. Defendant has cross-moved to stay discovery and to dismiss the complaint. Fed.R.Civ.P. 12(b)(1), (6). Because I find that the complaint should be dismissed, I need not reach the discovery question.

### FACTS

Plaintiff is a lawyer employed as an attorney-advisor with the Social Security Administration ("SSA"). In November, 1981, plaintiff applied for certification to the register of qualified Administrative Law Judges ("ALJ") from which federal agencies select individuals to fill ALJ vacancies. The procedures governing certification as an ALJ are enumerated in Civil Service Commission Announcement No. 318 (Complaint, Ex. C). Announcement No. 318 states that only experience within the seven years immediately preceding the application is relevant to the determination whether an applicant is qualified to be placed on the register. During this seven-year period, the applicant must have at least one year of qualifying experience equivalent to work at civil service grade level GS–14.

From September, 1973 to July, 1975, plaintiff was employed as a Hearing Officer at the New York City Rent Control Commission. Plaintiff worked from August, 1975 to the date of his application as an attorney-advisor at SSA, in civil service grade levels GS–11 and GS–12. Plaintiff submitted with his application numerous letters of recommendation and an affidavit of Hon. Philip T. Brown, Chief Administrative Law Judge, detailing the duties and responsibilities of attorney-advisors in plaintiff's position.

The Office of Administrative Law Judges ("OALJ") of the Office of Personnel Management ("OPM") found that plaintiff had not satisfied the qualifying experience requirement for placement on the register of qualified ALJs. Neither of the positions held by plaintiff during the seven-year qualification period was deemed sufficient to meet the requirement of experience at GS–14 or its equivalent. Furthermore, plaintiff failed in several respects to comply with the application requirements. First, he did not include with his application a complete list of cases proving two full years of administrative law or trial experience within the seven-year qualification period. Second, plaintiff failed to submit the detailed information required for his two most important cases. (Letter of Edward T. Rhodes to Arthur Klein, Dec. 27, 1982, Complaint Ex. K).

The decision of the OALJ was affirmed by the ALJ Rating Appeals Panel ("Appeals Panel"). Plaintiff then filed this action.

### DISCUSSION

Plaintiff is not entitled to judicial review of an agency's decision unless he has exhausted available administrative

remedies. *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975). The Merit System Protections Board ("MSPB") is the body charged with reviewing decisions of OPM, 5 U.S.C. §§ 1205, 2301, and review by MSPB of an OALJ decision would normally be required before instituting an action in district court. Accordingly, defendant argues that this court lacks jurisdiction over the action.

▪ In this instance, however, administrative review was not available to plaintiff. MSPB has no jurisdiction over plaintiff's complaint because plaintiff is not an employee of OPM and his challenge to the Appeals Panel's ruling does not fall within the ambit of 5 C.F.R. Part 300. Thus, plaintiff exhausted his administrative remedies when the Appeals Panel affirmed the OALJ's denial of his application. This court, therefore, has jurisdiction over the action.

▪ Plaintiff seeks of a writ of mandamus, 28 U.S.C. § 1361, directing his certification as an ALJ. Mandamus, however, may issue only when there is a plainly defined and peremptory duty on defendant's part to do the act in question; and the act must be ministerial, devoid of the exercise of judgment or discretion. *Corace v. Butterfield*, 387 F.Supp. 446, 448 (E.D.N.Y. 1975).

▪ OPM has the authority "to establish standards with respect to citizenship, age, education, training and experience ... which applicants must meet to be admitted to or rated in examinations." 5 C.F.R. § 2.1(a). As the Supreme Court recognized in *Ramspeck v. Federal Trial Examiners Conf.*, 345 U.S. 128, 73 S.Ct. 570, 97 L.Ed. 872 (1953), application of these criteria to specific cases involves judgment and subjective determinations:

These specifications of necessity must be subjective. They are not based so much on evidence as on judgment. It is a discriminating judgment and one Congress committed to the experience and expertise of the Civil Service Commission, not the courts.

*Id.* at 137, 73 S.Ct. at 575; *accord Etelson v. Office of Personnel Mgmt.*, 684 F.2d 918, 928 (D.C.Cir.1982) ("[I]t is for the agency, applying its expertise and discretion, to determine in the first instance what nondiscriminatory criteria it will apply."). Mandamus is, therefore, not proper in this case.

▪ Plaintiff also contends that the actions of defendants in not appointing him an ALJ were arbitrary. Judicial review of agency decisions, as provided in the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, is limited to a determination whether the decision is "arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law." 5 U.S.C. § 706(2)(A). The court cannot substitute its judgment for that of the agency. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971); *Ramspeck v. Federal Trial Examiners Conf., supra.*

Plaintiff does not assert that OPM failed to follow its own rules in denying him certification as an ALJ. He alleges instead that in applying the criteria, OALJ and the Appeals Panel should have counted his previous trial experience and his experience as an attorney-advisor to an ALJ. Defendants' failure to consider this experience, plaintiff concludes, was arbitrary and capricious. (Complaint ¶ 8).

▪ Defendants' conduct was neither arbitrary, capricious, nor an abuse of discretion. Plaintiff's prior experience was evaluated; it was determined to be insufficient to meet the requirements of Announcement No. 318.[1] This decision having been made, there was no need for OPM to review the recommendations submitted on plaintiff's behalf. This was not arbitrary, as plaintiff has charged, but was simply in keeping with the orderly procedures enumerated in Announcement No. 318. OPM followed those procedures and applied its own crite-

---

1. This evaluation included examination of the work actually done by plaintiff as a staff attorney, not just consideration of the work normally assigned an attorney at plaintiff's grade level.

Second Affidavit of John E. Flannery, ¶¶ 4–6; *see Etelson v. Office of Personnel Management*, 684 F.2d 918 (D.C.Cir.1982) (OALJ should look

ria in a nondiscriminatory manner. *See Etelson v. Office of Personnel Mgmt., supra,* 684 F.2d at 928.

Plaintiff also alleges that OPM violated the Fifth Amendment by failing to grant him a formal hearing, the right to counsel and the right to subpoena documents. The procedural due process that plaintiff claims he was denied is available only when plaintiff has a liberty or property interest in the right which the government is denying. *Board of Regents v. Roth,* 408 U.S. 564, 576–77, 92 S.Ct. 2701, 2708–09, 33 L.Ed.2d 548 (1972). As a government employee, plaintiff is "entitled only to the rights and salary of the position to which he has been appointed." *Donovan v. United States,* 580 F.2d 1203, 1208 (3d Cir.1978). He is not entitled to employment in a different capacity. *Ramspeck v. Federal Trial Examiners Conf., supra,* 345 U.S. at 133, 73 S.Ct. at 373.

For the foregoing reasons, defendants' motion to dismiss plaintiff's complaint is granted.

SO ORDERED.

behind actual grade level assigned to govern- ment attorney-applicant).